IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROBERT LEE WRIGHT, III,**

    **Plaintiff,**

vs.                                    Case No. 4:24-CV-00235-MW-MAF

**JOHN CORDY JEAFFRESON,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Robert Lee Wright, III, a prisoner proceeding *pro se*, initiated this case using the civil rights complaint form for prisoners along with a motion to proceed *in forma pauperis* (IFP). ECF Nos. 1 and 2. The Court screened the complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construed Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

The IFP motion is due to be denied because it is not on the proper form. ECF No. 2. Also, Plaintiff did not disclose his litigation history in his complaint as required by the Rules. ECF No. 1. Ordinarily, the Court would give Plaintiff an opportunity to amend. However, Plaintiff is no stranger to the federal courts. He is a three-striker under the Prison Litigation Reform Act

(PLRA) who did not pay the filing fee at the time he initiated this case; therefore, this case should be dismissed.

I. **Standard of Review.**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). A district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Because the Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice, a case in which a plaintiff has abused the judicial process, warrants dismissal.

II. **Plaintiff's Complaint, ECF No. 1.**

Plaintiff's "complaint" is no model of clarity. ECF No. 1. As best can be

determined, Plaintiff, sued the author of a book and did not provide any address upon which Defendant could be served. Id., p. 2. Plaintiff only states that he was viewing Defendant's e-book on a prison tablet, which had Plaintiff's name in it as "Sir Robert Wright." Id., p. 5. Plaintiff believes that he feels like "he's being talked about." Id.

Plaintiff proceeds in this case in the same manner he proceeded in many of his earlier cases -- that is -- he did not disclose his complete litigation history and, at the time he filed suit, Plaintiff failed to pay the filing fee and did not file a proper motion to proceed *in forma pauperis*, in violation of N.D. Fla. Loc. R. 5.3 ("A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915."). However, as explained below, Plaintiff would not be eligible to proceed *in forma pauperis* anyway because he is a now three-striker under 28 U.S.C. § 1915(g).

### III. Plaintiff is a Three-Striker under the PLRA.

Plaintiff is no stranger to the Court; he filed at least ***twelve*** cases, in less than four months, between December 25, 2023, and April 1, 2024, and others after that. The Court will not list all of Plaintiff's cases because it is his responsibility to disclose his litigation history on a proper complaint form. In

all of the cases, the Court advised Plaintiff on the proper course of proceeding and the Rules governing federal cases and provided him with the proper forms.

The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court takes judicial notice of certain federal actions previously brought by Plaintiff, as a prisoner under the PLRA, and which count as "strikes":

1. N.D. Fla. 4:24-cv-00006-MW-MAF, Wright v. S. C. McHenry, et al. (dismissed for defiance to the Court's orders; failure to comply under Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1).

2. N.D. Fla. 4:24-cv-00011-AW-MAF, Wright v. Donovan (dismissed for defiance to the Court's orders; failure to comply under Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1).

3. N.D. Fla. 4:24-cv-00012-MW-MAF, Wright v. S. C. McHenry (dismissed as frivolous).

Notably, in the first case, the Court warned Plaintiff:

**if he continues to file materials without complying with the requirements . . . in any of his cases, those materials will simply be returned with a copy of this Order. The Court will not continue to review and respond to improperly filed materials with individual orders, as such action is unnecessary and a waste of judicial resources. Plaintiff is further advised that such conduct within a case may be deemed as "malicious" and an abuse of the judicial process warranting dismissal, which constitutes a "strike" under the Prison Litigation Reform Act.**

N.D. Fla. No. 4:24-cv-00006-MW-MAF, Wright v. McHenry, et al., ECF No. 25. Cases dismissed for failure to comply with Court orders count as strikes under Section 1915(g). See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), rev'd on other grounds, Jones v. Bock, 549 U.S. 199 (1998) (a case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g)); see also Sadler v. Fla., No. 4:19-cv-447-MCR-HCR, 2019 U.S. Dist. LEXIS 193933 (N.D. Fla. Oct. 11, 2019) *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 192694 (N.D. Fla. Nov. 6, 2019).

    To invoke the exception to § 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. See also Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) ("Congress

was deliberate in leaving an exception for claims of imminent threat of serious physical injury when it enacted the three-strikes provision that screens out all other IFP suits as part of the PLRA.").

In order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute: imminent danger of serious physical injury at the time of filing the lawsuit not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). "The proper procedure is for the district court to dismiss the complaint without prejudice." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

Plaintiff's claims do not satisfy the exception because he alleged no set of facts that would demonstrate he is in imminent danger of serious physical injury at the time of his initial filing. Normally, the Court would permit a *pro se* plaintiff the opportunity to amend a complaint before recommending dismissal. However, this Court will not follow that trend for two reasons: (1)

Plaintiff is a three-striker who did not pay the filing fee when he initiated the case and (2) Plaintiff has not met the imminent danger exception.

## IV. Conclusion and Recommendation.

It is respectfully **RECOMMENDED** that the case be **DISMISSED** without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g) because Plaintiff did not pay the filing fee and fails to meet the imminent danger exception. Because Plaintiff is a three-striker, his IFP motion should be **DENIED**. It is further **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on June 10, 2024.

        s/ Martin A. Fitzpatrick
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).